1  Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
2  Veronica E. McKnight, Esq. (SBN: 306562)
3  **Hyde & Swigart**
   2221 Camino Del Rio South, Suite 101
4  San Diego, CA 92108
   Telephone: (619) 233-7770
5  Facsimile: (619) 297-1022

6

7  [Additional Attorneys for Plaintiff on Signature Page]

8  Attorneys for Karen Bartolone and Steve Bartolone

9

    # United States District Court
10  # Central District Of California

11

12  Karen Bartolone and Steve          | Case No: _____
    Bartolone,
13                                      | **COMPLAINT FOR DAMAGES**

14            Plaintiff,               | 1. **Rosenthal Fair Debt Collection
                                       |    Practices Act Cal. Civ. Code §§
15  v.                                 |    1788-1788.32**
                                       | 2. **Negligent Violations of
16  Ocwen Mortgage Servicing, Inc.     |    Telephone Consumer
    and Ocwen Loan Servicing, LLC,     |    Protection Act, 47 U.S.C. §227
17                                     |    ET SEQ.**
                                       | 3. **Intentional Violations of
18            Defendants.              |    Telephone Consumer
                                       |    Protection Act, 47 U.S.C. §227
19                                     |    ET SEQ.**
20                                     | 4. **Negligence**
                                       | 5. **Negligence Per Se - RFDCPA**
21                                     | 6. **Negligence Per Se - TCPA**
22
23                                     | **Jury Trial Demanded**
24
25
26
27
28

### Introduction

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

4. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an

HYDE & SWIGART
Consumer Protection Attorneys

emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.    Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6.    Plaintiffs Karen Bartolone and Steve Bartolone ("Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the conduct of Ocwen Mortgage Servicing, Inc. ("OMS"), and Ocwen Loan Servicing, LLC ("OLS") (collectively "Ocwen" or "Defendants"), with regard to attempts by defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs.  Further, Plaintiffs bring this action for damages and any other available legal or equitable remedies resulting from the actions of Defendants in their violations of the Rosenthal Fair Debt Collections Act and in their negligent and/or willful violations of the TCPA.

7.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.    The statute of limitations is tolled due to the commencement of a class action based on same or similar allegations filed on October 27, 2014 in the Northern District of Illinois, Case Number 1:14-cv-08461. *America Pipe & Construction Co v. State of Utah*, 414 U.S. 538.

9.    Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

10. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

11. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### Jurisdiction and Venue

12. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1367 for supplemental state claims.

13. This action arises out of Defendants' violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

14. Because Defendants conduct business within the State of California, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant conducted business within the State of California and Plaintiff is located within this district.

### Parties

16. Plaintiffs are natural persons who reside in the City of Anaheim, State of California.

17. Defendant Ocwen Mortgage Servicing, Inc. has its principal place of business in Frederiksted, St. Croix in the U.S. Virgin Islands.

18. Defendant Ocwen Loan Servicing, LLC has its principal place of business in the City of West Palm Beach, in the State of Florida.

19. Defendant OMS is, and at all times mentioned herein was, a corporation and "person," as defined by 47 U.S.C. § 153 (39).

20. Defendant OLS is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153 (39).

21. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing

from Plaintiffs, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

22.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

23.   Defendants, each of them, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

### Factual Allegations

24.   Plaintiffs are alleged to have incurred certain financial obligations to Defendants related for a mortgage for Plaintiffs' primary residence.

25.   These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged t o be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26.   Karen's phone received calls between March 30, 2011 through June 30, 2014   and Steve's phone received calls from March 8, 2016 through October 19, 2016. Defendant called the Plaintiffs on their cellular telephone numbers. Karen's cell at ending in 2824 and Steve cell ending in 2827 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

27.   This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. When Plaintiffs would answer the calls from Defendants, there would often be a silence, sometimes with a click or a beep-tone, before an Ocwen representative would pick up and start speaking.

29. Sometimes, Plaintiffs would receive calls from Defendants in which the caller was a recorded voice or message, rather than a live representative.

30. In total, Plaintiff Karen Bartolone received 1,143 calls and Plaintiff Steve Bartolone received 107 calls from Defendant on their cellular telephone.

31. For example, Karen received 59 calls on Sundays in 2013.

32. Plaintiffs did not provide express consent to Defendant to receive calls on either cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

33. Further, Plaintiffs clearly revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiffs no longer wished to be contacted by phone.

34. Plaintiffs answered several of the above mentioned autodialed telephone calls from Defendants and asked Defendants to stop calling. Despite this clear and unmistakable request, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendants may have had prior to beginning its campaign of harassment by telephone.

35. Plaintiffs answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite this clear and unmistakable request, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

36. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiffs.

37.  The calls by Defendant to Plaintiffs' cell phones continued, even after Plaintiffs' oral revocation.

38.  These calls were made by Defendants or Defendants' agent, with Defendants' permission, knowledge, control, and for Defendants' benefit.

39.  As a result, the telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227(b)(1).

40.  Through Defendant's actions, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

41.  Plaintiffs were personally affected, becoming frustrated and distressed that, despite telling Defendants to stop calling Plaintiffs' cellular phones, Defendants continued to harass Plaintiff with collection calls using an ATDS.

42.  The unrelenting, repetitive calls disrupted Plaintiffs' daily activities and the peaceful enjoyment of Plaintiffs' personal and professional lives, including the ability to use Plaintiffs' phones.

43.  The calls placed by Defendant to Plaintiffs were extremely intrusive, including Plaintiffs' relationships with close family members. Specifically, Plaintiffs began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendants' unwanted and intrusive calls. In doing so, Plaintiffs missed important communications from friends and family.

44.  Through this conduct described above, Defendants caused Plaintiffs' phones to ring repeatedly or continuously to annoy the person called, in violation of California Civil Code §1788.11(d).

45.  Through this conduct described above, Defendants communicated, by telephone or in person, with the debtor with such frequency as to be

unreasonable and to constitute an harassment under the circumstances, in violation of California Civil Code §1788.11(e).

## STANDING

46. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

a. a valid injury in fact;

b. which is traceable to the conduct of Defendant;

c. and is likely to be redressed by a favorable judicial decision.

See, *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6*, and *Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560*.

47. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

A.       ***The "Injury in Fact" Prong***

48. Plaintiffs' injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

49. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Plaintiffs were called on Plaintiffs' cellular phones by Defendant. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiffs. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). All three of these injuries are concrete and *de facto*.

50. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 7*. It was plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS. All of

these injuries are particularized and specific to plaintiff, and will be the same injuries suffered by each member of the putative class.

## A. *The "Traceable to the Conduct of Defendant" Prong*

51. The second prong required to establish standing at the pleadings phase is that Plaintiffs must allege facts to show that Plaintiffs' injuries are traceable to the conduct of Defendant(s).

52. In the instant case, this prong is met simply by the fact that the calls to plaintiffs' cellular phones were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

## A. *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

53. The third prong to establish standing at the pleadings phase requires Plaintiffs to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

54. In the present case, Plaintiffs' Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiffs.

55. Furthermore, Plaintiffs' Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

56. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016)*, Plaintiff has standing to sue Defendant on the stated claims.

## Causes of Action

## Count I

## Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)

## Cal. Civ. Code §§ 1788-1788.32

57.   Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

58.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32, specifically, the voluminous calls made to each Plaintiffs in the time periods described.

59.   As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Count II

## Negligent Violations Of The

## Telephone Consumer Protection Act (TCPA)

## 47 U.S.C. 227

60.   Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

61.   The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

62.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## Count III

### Knowing and/or Willful Of The

### Telephone Consumer Protection Act (TCPA)

### 47 U.S.C. 227

63.  Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

64.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

65.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Count IV

### Negligence

66.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

67.  Defendants had a duty to use care to not infringe on consumers' privacy rights when collecting on alleged debts and not calling Plaintiffs hundreds and/or thousands of times to harass and/or abuse Plaintiffs.

68.  Defendants breached that duty by calling Plaintiffs on Plaintiffs' cellular telephones a voluminous number of times, as discussed above, and continued to call despite Plaintiffs' request that the calls stop.

69. Plaintiffs were harmed and suffered injury as described above.

70. The negligence of Defendants was a substantial and proximate factor in causing Plaintiffs this harm and injury described above.

71. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wontonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiff or their family. As such Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof at trial.

## Count V

### Negligence Per Se - Rosenthal Fair Debt Collection Practices Act

72. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

73. The Rosenthal Fair Debt Collection Practices Act ensures that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. This act is codified under California Civil Code § 1788-1788.32.

74. Defendants called Plaintiffs with regard to alleged obligations related to money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

75. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

1.   Thus, Plaintiffs are within the protective class which the Rosenthal Fair Debt Collection Practices Act is designed to protect.

2.   Through this conduct described above, Defendants caused Plaintiffs' phones to ring repeatedly or continuously to annoy the person called, in violation of California Civil Code §1788.11(d).

3.   Through this conduct described above, Defendants communicated, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment under the circumstances, in violation of California Civil Code §1788.11(e).

4.   Defendants breached its duty through their violations of the RFDCPA by calling Plaintiff on Plaintiffs' cellular telephones a voluminous number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

5.   Plaintiffs were harmed and suffered injury as described above.

6.   The negligence of Defendants was a substantial and proximate factor in causing Plaintiffs this harm and injury described above.

7.   As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wontonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiffs or their family. As such Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof at trial.

**Count VI**

**Negligence Per Se - Telephone Consumer Protection Act**

83.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

84.   The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs.

85.  Thus, Plaintiffs are within the protective class which the TCPA is designed to protect.

86.  As described above, Defendants breached their duty when they violated the TCPA.

87.  Defendants' violation of the TCPA was a substantial and proximate factor in causing Plaintiffs this harm and injury described above.

88.  As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wontonly negligent manner, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiffs or their family. As such Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof at trial.

### Prayer For Relief

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants, and Plaintiffs be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to California Civil Code § 1788.30(a);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

•     Special, general, compensatory, and punitive damages; and

•     Any and all other relief that this Court deems just and proper.

89.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: May 8, 2017

By: /s/ Joshua B. Swigart
     Joshua Swigart
     Attorneys for Plaintiff

Abbas Kazerounian, Esq.
California Bar No.: 249203
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: (800) 400-6808
FAX: (800) 520-5523
ak@kazlg.com